Shaw C. J.
delivered the opinion of the Court. This case comes before the Court from Nantucket, and it becomes necessary to put a construction upon the statute providing for holding a term of this Court at Nantucket. This is the more necessary, as the provisions of that act, the relations of that county to the county of Suffolk, and the modes of proceeding, are peculiar and different from those of any other county in the Commonwealth.
The first act (Si. 1825, c. 16,) providing for a session of the Supreme Judicial Court at Nantucket, was passed in June 1825, was very short and probably was found to be very imperfect, and was repealed in March following, before any term of the Court was actually held pursuant to its provisions. By the St. 1825, c. 114, the former act was repealed and the existing provisions were adopted, and that is the act now in force.
It is quite possible that we may not construe the act precisely as it was intended by its framers ; but as the question presented in this case arises in various others, we have thought it best to take a general view of the statute, and state what appears to us to he its true construction and practical operation.
It is quite manifest, from a general view of the act, that it *296 was not expected or understood, that a full Court should he holden at Nantucket, but that practically the full Court, for all matters of law, should be holden at Boston, for the counties of Suffolk and Nantucket, as formerly. And yet the first section provides, that the term shall be holden by one or more of the justices of said Court, and the Court so holden shall have cognizance of all causes, civil and criminal, and of all other matters and things which by law are cognizable by said Court, when holden by one or more justices thereof, in any county.
By a literal construction this would give the Court holden by one judge cognizance of all matters of law ; hut it is clear from the terms of the 3d section, and from the general scope of the act, that this was not intended. We think this section :s to be construed conformably to the maxim, reddendo singula singulis, and that when in fact the Court is held by one of the justices, it shall have cognizance of all matters cognizable by the Court when so held, in any other county; and when in fact held by three or more, it shall have cognizance of all matters, cognizable by the full Court in other counties. It follows from this, that the entire power is given to the Court to hold a full law term there, ana that it will depend upon the determination of the Court, having regard to the exigences of the public business, whether to hear and finally determine matters of law at Nantucket or at Boston, pursuant to the further provisions of the act, to be stated hereafter. There may be extraordinary occasions when it would be necessary for the full Court to attend at Nantucket.
From this view of the statute another conclusion follows, that is, that all matters of law and equity arising within the county, though ultimately requiring the action of the full Court, are in the first instance to be brought and made returnable at the term in Nantucket. All exceptions and issues in law from the Court of Common Pleas, all probate appeals, whether depending upon law or fact, all suits in law and equity of which the Supreme Judicial Court has original jurisdiction, and all writs of error, are therefore to be made returnable to the Court at Nantucket.
The second section provides for the appointment, and reg *297 ulates the duties and powers of the clerk, and the return of jurois.
The third section provides, that all suits, actions, causes, matters and things arising or happening in said Nantucket, which by law are or would be cognizable by the said Supreme Judicial Court only when holden by three or more of the jus tices thereof, shall continue to be cognizable, heard and determined by the said Court when so holden in Boston in the county of Suffolk, in the same manner as if this act had not been passed.
The last clause of this section seems to have been inserted without sufficient regard to the great and radical change in the whole course of proceedings, effected by the act itself. Before this act, all matters cognizable by the Supreme Judicial Court, from Nantucket, were entered at Boston, in the first instance, and all matters of law arose regularly out of the business pending in the same Court, and no mode of transferring them from one county to the other was necessary. By the terms, “ in the same manner as if this act had not passed,” was probably meant, in the same mode of proceeding, and with the same legal effect, when brought before the Court here from the Court at Nantucket.
So when it provides that all suits, &c., cognizable by the Court only when holden by three justices, shall be cognizable by the said Court when so holden in Boston, we consider that it does not mean to declare that they shall be exclusively cognizable by the Court when so holden in Boston, because that would be inconsistent with the provisions of the first section as we understand it, providing that they may be heard at Nantucket ; but taking both provisions together, we understand it as giving the Court concurrent jurisdiction in both counties, and determining, that the Court shall have cognizance of these suits and matters of law, and may hear and determine them, at the term in Nantucket; but when this is not so done, "they shall have power to hear and determine them at Boston, as causes from Nantucket were heretofore so heard and determined.
Then, if all cases, in matters of law, as well as others, are to be entered in the first instance at Nantucket, and if mat *298 ters of law are not heard and determined there, but are cognizable in Suffolk, how are they to be transferred from the one to the other county, and with what effect ?
The fourth section provides for one class of cases, namely, where any person shall think himself aggrieved by any order, opinion, or judgment of the justice of said Court who shall preside at any term thereof, the same proceedings shall be had, as is provided by law. for like cases; and in such case the action or cause shall be entered at the next term of the Supreme Judicial Court, which shall be holden at Boston, for the county of Suffolk; and the party complaining oi such order, opinion, or judgment, shall within such time as shall be required- by the justice presiding at the trial, produce and file in the clerk’s office of the county (Suffolk) all such copies and papers as shall be ordered by the said judge ; and the said Court, so holden in Boston, shall proceed to hear and determine such cases and award judgment and execution thereon, in the same manner as if said cases or actions had been tried in Suffolk ; provided that if a new trial shall be awarded, it shall be had in the county of Nantucket.
We think the necessary construction of this provision is, that in cases of exception, the action must be considered as provisionally continued, or continued nisi, at Nantucket; viz. if not entered in Suffolk. If it is entered in Suffolk, then by the terms of the statute, all the subsequent proceedings are to be had there, judgment is to be there entered, and execution issued. But, as no judgment is entered at Nantucket, if the action should fail of being entered at Boston, the proceedings would be at an end, without judgment, contrary to the intent of the statute. But if the cause stands continued nisi at Nantucket, then the party desiring to avail himself of the benefit of the proceedings there, on producing a certificate, at the ensuing term in July at Nantucket, that the case has not been entered in Suffolk, will be entitled to his judgment as of course.
Again, we think the action from the July term at Nantucket, is to be entered at the November term, which js the neat term in Boston; for, though the statute contemplates that these proceedings are to be had at a law term, and practically *299 the March term in Suffolk is the law term, yet in point of law every term is a law term, if the justices of the Court choose to form a full Court; and they will do so, when the exigences of public business require it. The next term in Suffolk, therefore, after July, is by law the term in November. In practice, however, the cause will usually be continued, as of course, to the March term, that being the term appropriated to the hearing of law questions.
We think also that when an action is thus brought up, it is to be entered by the clerk of the county of Suffolk, as all other actions are entered, and the proceedings become a part of the records of that county. It may be convenient to have a separate docket of Nantucket actions ; but in all other respects, when thus entered, they are to be regarded as actions pending in Suffolk. And we think the usual fees are to be paid on the entry, as of other actions, except the part taxed for the justices of the Court, which having been once taxed for the benefit of the Commonwealth on the original entry, are not to be taxed again.
As the act does not provide, in terms, who shall enter the action at the next term in Suffolk, although it is considered obviously as the duty of the party taking the exceptions to do so, and as the statute provides for no entry of a complaint for affirmation of judgment, we think it a reasonable and sound construction, that if the party excepting does not enter the action after a reasonable time, the other party may enter it in order to have the questions of law settled, to expedite the cause, and to have judgment in Suffolk, if entitled to it. In this case, it would be proper for the Court to make such order in regard to notice, as the justice of the case may require.
But the fourth section, in terms, extends to those cases only, where exceptions shall be taken to any order, opinion or judgment, of the justice who shall preside when the Court is held by a single judge, and no express provision is made in any part of the .statute for the mode of carrying up other cases, involving questions of law. It would be unreasonable to suppose, without more express words, that it was the intention of the legislature to make so great an innovation in our whole system, as to provide that a single judge should give a judg *300 ment in all matters of law, leaving the party aggrieved to except and enter the action in Suffolk. Besides, this would be contrary to the provision in the first section, if we have put the right construction upon it, which gives cognizance to the Court when holden by one of the justices, of matters cognizable by the Court when so holden in other counties. If this is correct, such judge, in matters requiring the action of the full Court having no cognizance, could give no judgment, to which such exception could be taken.
But the third section is express, that all suits requiring the action of the full Court, shall continue to be cognizable by the Court when so holden at Boston ; this clearly gives jurisdiction to the Court there ; and although cases, other than those of exception, are not expressed in the fourth section, they are, we think, within the equity of it; and as no other mode of carrying up such other causes, is prescribed, it is a sound and reasonable construction of the statute, to hold, that it was intended that the same rule should apply to all other cases.
But if it were otherwise, and if these cases could not be considered to be within the equity of the statute, although within the same reason, then it would follow, that the jurisdiction being given to the full Court in Suffolk, over all cases in law arising in Nantucket, and no mode prescribed, by which the causes are to be transferred and such jurisdiction exercised, it would be for the Court to prescribe a suitable and convenient mode, in which such transfer should be made. If placed upon this footing, the Court would certainly think it reasonable, as well for the purpose of following the analogy of the statute, as for the sake of simplicity and uniformity of practice, to. direct the same course of proceeding, in all other cases of law, as the statute itself has directed in cases of law upon exceptions.
The practical course will therefore be, that all cases, as well of law as others, will in the first instance be entered. at the regular term in Nantucket in July. When the Court is held by one judge, as it usually will be, and as it was manifestly intended by the statute that it should be, and any question of law arises requiring the action of the full Court, the judge will direct it to be entered at the next November term *301 in Boston, and will further direct what copies and other papers shall be filed in the clerk’s office at Boston and at what time; and if the party taking the exceptions, or the party whose duty it is, shall not within reasonable time enter the action, the other party shall be at liberty to do so, giving the adverse party such notice thereof as the Court may order. And when the action is so entered, all further proceedings are to be had, judgment given and execution issued by the Court sitting in Boston, except in the single case of ordering a new trial, in which case it is to be remanded to Nantucket for trial. Being thus remanded, the Court there will have jurisdiction, as well to give judgment as to try, unless new questions of law should arise, when the same course is to be pursued again. In all cases of exception, and motion for new trial or in arrest of judgment, after verdict, or after any default or nonsuit subject to the opinion of the whole Court, the cause at Nantucket shall be considered as continued nisi ; and if the party taking the exception or making the motion, shall fail to enter the action at the next term in Suffolk, and the adverse party does not enter it, the party entitled to judgment upon such verdict, default or nonsuit, at the ensuing term at Nantucket, on producing a certificate, from the clerk of the court in the county of Suffolk, that the action has not been entered there, shall be entitled to judgment as of course, unless some good cause is shown to the contrary.[1]

 See Rev. Stat. c. 81, § 52, 53; Shaw v. Bunker, 2 Metc. 376.